# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NATIONAL CREDIT UNION ADMINISTRATION BOARD, as liquidating agent for TLC FEDERAL CREDIT UNION**, | Case No. 3:16-cv-1035-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CROSS CREEK LAND, LLC, an Oregon limited liability company, and CROSS CREEK LAND SOUTH, LLC, an Oregon limited liability company**, | |
| Defendant. | |

Brian C. Hickman and Steven A. Stolle, GORDON & POLSCER, LLC, 9755 S.W. Barnes Road, Suite 650, Portland, OR 97225. Of Attorneys for Plaintiff National Credit Union Administration Board.

David R. Nepom, 3718 S.W. Condor Avenue, Number 100, Portland, OR 97239. Of Attorneys for Defendants Cross Creek Land, LLC and Cross Creek Land South, LLC.

**Michael H. Simon, District Judge.**

Plaintiff National Credit Union Administration Board (the "Board"), an independent executive agency of the United States, brings this action in its capacity as the liquidating agent (the "Liquidating Agent") for TLC Federal Credit Union (the "Credit Union") against

PAGE 1 – OPINION AND ORDER

Defendants Cross Creek Land, LLC and Cross Creek Land South, LLC (collectively,

"Defendants"). The Board seeks a declaration of its rights under the Federal Credit Union Act

("FCUA"), 12 U.S.C. §§ 1751-1795k, and to quiet title to real property in Seaside, Oregon (the

"subject real property" or the "Property"). Defendants have alleged a counterclaim against the

Board, seeking just compensation for what they characterize as a taking of their property. The

Board has filed a motion for partial judgment on the pleadings and a motion to dismiss

Defendants' counterclaim for lack of subject matter jurisdiction and for failure to state a claim

upon which relief can be granted. For the reasons that follow, the Court grants the Board's

pending motions.[1]

**STANDARDS**

### A.  Motion for Judgment on the Pleadings

A Federal Rule of Civil Procedure 12(c) "motion for judgment on the pleadings faces the

same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810

(9th Cir. 1988). "Judgment on the pleadings is properly granted when there is no issue of

material fact in dispute, and the moving party is entitled to judgment as a matter of law."

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The Court "must accept all factual

allegations in the complaint as true and construe them in the light most favorable to the non-

moving party." *Id.*

### B.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, --- U.S. ---, 133 S.

Ct. 1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside

this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting

---

[1] The Court also does not believe that oral argument would be helpful and therefore strikes the hearing set for November 15, 2016, at 10:00 a.m. ECF 13.

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction.[2] Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts, which Defendants do not dispute, are taken from the Board's complaint and 12 U.S.C. § 1787, the relevant provision of the FCUA. *See* ECF 1.[3] The Board has placed the Credit Union into liquidation due to the Credit Union's insolvency and has appointed itself the Liquidating Agent under 12 U.S.C. § 1787(a)(1)(A). ECF 1 ¶ 7. As a liquidating agent for the Credit Union, the Board has succeeded to "all rights, titles, powers, and privileges of the credit union, and of any member, accountholder, officer, or director of such credit union with respect to the credit union and the assets of the credit union." 12 U.S.C. § 1787(b)(2)(A)(i); ECF 1 ¶ 7. The Board has the right to "disaffirm or repudiate" contracts or leases of the Credit Union that satisfy certain requirements. ECF 1 ¶ 8; 12 U.S.C. § 1787(c).

---

[2] Because the Court finds that it does not have subject matter jurisdiction over Defendants' counterclaim, it does not include the standard for a motion to dismiss for failure to state a claim upon which relief can be granted.

[3] Defendants admitted every paragraph of the Board's complaint except paragraph six, which the Court does not use in its summary of the facts. ECF 5 ¶ 1.

PAGE 3 – OPINION AND ORDER

Defendants previously entered into four contracts (collectively, the "Contracts") with the Credit Union that relate to the Property. ECF 1 ¶ 9. These contracts are described in paragraph nine of the complaint. ECF 1 ¶ 9. The contracts

> purport to bind the Credit Union to provide 100 percent financing for Defendants to purchase the subject real property over 30 years in the aggregate principal amount of $4,482,282, with interest rates beginning at 0.5 percent for the first 15 years and increasing to 1.5 percent for the remaining years, with no payments due until 2019. The Credit Union also committed in the Contracts to funding future, interest-only, constructions loans with respect to the Property. On completion of construction, the Contracts commit the Credit Union, subject to credit approval, to providing permanent financing on the construction loans with 30 year amortization at 0.50 percent interest, ballooning at year 15.

ECF 1 ¶ 10.

Defendants have not made any payments under the contracts, have not paid any property taxes on the Property, and have not "established actual possession of the subject property." *Id.* ¶ 15-17. The Board has decided that "the continuation of the obligations under the Contracts would impair its statutory duty to liquidate and wind up the affairs of the Credit Union." ECF 1 ¶ 11. The Board has notified Defendants of its intent to disaffirm and repudiate the Contracts. ECF 1 ¶ 12; 12 U.S.C. § 1787(b)(2)(A)(i), 1787(c)(1). Defendants have refused to return fee simple title to the Property to the Board and have filed an administrative claim for damages. ECF 1 ¶ 13, 18. Defendants have declined the Board's offer to purchase the Property. ECF 1 ¶ 18.

The Board sued Defendants, seeking a declaration of its rights under the FCUA and to quiet title to the Property. Defendants counterclaim that the Board has taken Defendants' property in violation of the Fifth Amendment to the United States Constitution without paying just compensation. Defendants seek "lost profits and lost opportunity damages," estimating such damages to be $1,000,000. ECF 5 ¶ 8.

PAGE 4 – OPINION AND ORDER

## DISCUSSION

### A.  The Board's Motion for Judgment on the Pleadings

In its declaratory judgment claim, the Board seeks a declaration that:

> (1) the NCUA Board had the right, power, and authority to (i) appoint itself as Liquidating Agent of the Credit Union pursuant to 12 U.S.C. § 1787(a)(1)(A), and, (ii) acting in its capacity as Liquidating Agent, repudiate the Contracts pursuant to 12 U.S.C. § 1787(c)(1); (2) Defendants were not, as of the date of repudiation, in actual possession of the real property as contemplated by 12 U.S.C. § 1787(c)(6); and (3) as a result of the repudiation, the Liquidating Agent is now the owner of fee simple title to the subject property, and Defendants lack any equitable or legal right, title, or interest in the subject property.

ECF 1 ¶ 22.

In its quiet title claim, the Board alleges that the

> Liquidating Agent is entitled to a declaration of ownership and a judgment quieting title in the Liquidating Agent and removing any cloud on its title created by Defendants' refusal to return fee simple title after the repudiation.

ECF 1 ¶ 25.

Defendants admit these paragraphs of the Board's complaint, specifically acknowledging that "plaintiff has disaffirmed and repudiated the Contracts referred to in plaintiff's complaint and admits that plaintiff is entitled to possession and that, with such repudiation, defendants [*sic*] are not entitled to possession or title to said properties." ECF 5 ¶ 1. In light of Defendants' admissions, the Court finds that there is no genuine dispute of material fact and the Board is entitled to judgment as a matter of law on its declaratory judgment and quiet title claims. *Fleming*, 581 F.3d at 925.

### B.  The Board's Motion to Dismiss Defendants' Counterclaim

The Board argues that Defendants' counterclaim should be dismissed for three reasons. First, the Tucker Act, 28 U.S.C. § 1491, requires takings claims for just compensation in excess

PAGE 5 – OPINION AND ORDER

of $10,000 to be brought against the United States in the Court of Federal Claims, not against the

Board in the district court. Second, the takings clause does not provide consequential damages,

such as lost profits and opportunities. Third, Defendants have not exhausted their administrative

remedies. Because the Court finds that it lacks subject matter jurisdiction under the Tucker Act,

it declines to address the Board's second and third arguments.

The Tucker Act states that

> [t]he United States Court of Federal Claims shall have jurisdiction
> to render judgment upon any claim against the United States
> founded either upon the Constitution, or any Act of Congress or
> any regulation of an executive department, or upon any express or
> implied contract with the United States, or for liquidated or
> unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Under the Little Tucker Act, 28 U.S.C. § 1346, district courts have

concurrent jurisdiction of "[a]ny other civil action or claim against the United States, not

exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or

any regulation of an executive department." *Id.* § 1346(a)(2). "Accordingly, a claim for just

compensation under the Takings Clause must be brought to the Court of Federal Claims in the

first instance, unless Congress has withdrawn the Tucker Act grant of jurisdiction in the relevant

statute." *E. Enters. v. Apfel*, 524 U.S. 498, 520 (1998) (holding that "the Court of Federal Claims

has exclusive jurisdiction to render judgment upon any claim against the United States for money

damages exceeding $10,000").

Defendants have brought a counterclaim under the Takings Clause against the Board,

seeking $1,000,000 in "lost profits and lost opportunity damages." ECF 5 ¶ 8. They have not

argued that the FCUA "provides a statutory basis for district court jurisdiction" or a

"corresponding statute that provides a waiver of sovereign immunity." *McGuire v. United States*,

550 F.3d 903, 912 (9th Cir. 2008); *see Horne v. Dep't of Agric.*, --- U.S. ---, 133 S. Ct. 2053,

PAGE 6 – OPINION AND ORDER

2062 (2013). Accordingly, the Court dismisses Defendants' counterclaim under the takings clause.[4] *See R&B Receivables Mgmt., Corp. v. U.S. Dep't of Health & Human Servs.*, 2016 WL 5341811, at *4 (N.D. Ill. Sept. 23, 2016).

**CONCLUSION**

The Court GRANTS Plaintiff's Motion to Dismiss Counterclaim (ECF 7) and Motion for Partial Judgment on the Pleadings (ECF 14). The Court declares that: (1) Plaintiff had the right, power, and authority to (i) appoint itself as Liquidating Agent of the Credit Union pursuant to 12 U.S.C. § 1787(a)(1)(A), and, (ii) acting in its capacity as Liquidating Agent, repudiate the Contracts pursuant to 12 U.S.C. § 1787(c)(1); (2) Defendants were not, as of the date of repudiation, in actual possession of the subject property as contemplated by 12 U.S.C. § 1787(c)(6); and (3) as a result of the repudiation, the Liquidating Agent is now the owner of fee simple title to the subject property, and Defendants lack any equitable or legal right, title, or interest in the subject property. The Court quiets title in Plaintiff to (1) the property located at 2315 N. Roosevelt Drive, Seaside, Clatsop County, Oregon, and (2) the tract of six contiguous parcels located East of S. Roosevelt Drive and South of Avenue N, Seaside, Clatsop County, Oregon, county assessor's parcel numbers 12753, 12754, 12755, 12756, 12873, and 12874.

---

[4] The Tucker Act is a grant of jurisdiction for, among others, takings claims against the United States, not federal agencies. *See* 28 U.S.C. 1491(a)(1). Defendants also cannot bring their counterclaim directly against the Board under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("If we were to recognize a direct action for damages against federal agencies, we would be creating a potentially enormous financial burden for the Federal Government."); *see also Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1255 (9th Cir. 1997) (finding that an individual could "not sue the [National Credit Union Administration] directly for a 'constitutional tort'" under *Bivens*).

**IT IS SO ORDERED**.

DATED this 3rd day of November, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge